HORNBUCKLE HEATING AND
COOLING, INC., Appellant,

v.

Darla Sue PICKERING and Division
of Employment Security,
Respondents.

No. WD 62376.

Missouri Court of Appeals,
Western District.

Sept. 30, 2003.

Marc Henry Ellinger, Jefferson City, for
appellant.

Marilyn Gail Green, Jefferson City, for
respondent.

PAUL M. SPINDEN, Presiding Judge.

Hornbuckle Heating and Cooling, Inc.,
appeals the Labor and Industrial Relations
Commission's decision that Darla Sue
Pickering was eligible for unemployment
benefits. The commission concluded that
Hornbuckle Heating and Cooling dis-
charged Pickering from her employment
but not for misconduct connected to her
work. The commission reached this deci-
sion, however, by misapplying the law;
therefore, we reverse the commission's de-
cision.

Pickering had worked for Hornbuckle
Heating and Cooling as a secretary for
more than three years when, on May 29,
2002, the company's owner, Clint Horn-
buckle, criticized Pickering for bringing
personal problems to work. Pickering
said that she asked Hornbuckle whether or
not he wanted her to leave, and he told her
to go. She understood this to mean, she
said, that she had been discharged, so she
gathered her personal belongings and left
the office. Hornbuckle testified, however,
that, when Pickering asked him whether
or not he wanted her to leave, he told her,
"[N]o, it's too hard to get a secretary."

Pickering then went to her desk for about 10 minutes, he said, gathered her personal belongings and told him that she was quitting.

On May 30, 2002, Pickering claimed unemployment benefits, but a deputy for the Division of Employment Security ruled that Pickering was not entitled to unemployment benefits. The deputy denied the claim on the ground that Pickering left work voluntarily without good cause attributable to her work or her employer. The deputy concluded that, although Pickering believed that she had been discharged, she had jumped to the conclusion without justification.

Pickering appealed the deputy's determination. The appeals tribunal referee declared that Hornbuckle's testimony was more credible than Pickering's and affirmed the deputy's determination that Pickering was not entitled to unemployment benefits.

Pickering asked the commission to review the decision. The commission reversed the appeals tribunal's decision and found that Pickering was not disqualified from receiving unemployment benefits. The commission concluded, "Although the Appeals Tribunal found the president more credible, there were no reasons or explanations for this finding provided in the decision. We find claimant's testimony more persuasive than the president's testimony because all doubts should be resolved in favor of the claimant receiving benefits." Hornbuckle Heating and Cooling appeals the commission's determination.

Hornbuckle Heating and Cooling asserts that the commission erroneously applied the law in concluding that it should resolve all doubt regarding credibility in favor of a claimant receiving benefits. We agree.

By ruling that Pickering's testimony was more persuasive than Hornbuckle's because "all doubts should be resolved in favor of the claimant receiving benefits," the commission failed to resolve the credibility issue and to make a finding of fact.

This case is almost identical to *Kansas City Club v. Labor and Industrial Relations Commission,* 840 S.W.2d 273 (Mo. App.1992), in which this court held that the commission's resolving credibility issues on the basis that public policy favored a complainant was unlawful. In *Kansas City Club,* the commission found that a claimant and employer were equally credible. The commission reasoned, as it did in Pickering's case, that, because the law providing for unemployment benefits should be liberally construed to accomplish its purpose, the claimant should not be disqualified for benefits. *Id.* at 275. In other words, the commission resolved all doubt as to witness credibility in favor of the employee to fulfill the requirement that it liberally construe the unemployment law to accomplish its purpose.[1] This court, however, held that the commission misinterpreted the law:

> The effect of the Commission's order is to say that when the testimony of the claimant and the employer as to a dispositive disputed fact is equally credible, public policy of the state requires that the claimant not be disqualified and benefits be granted....

> The general rule is that a claimant for unemployment benefits has the burden of proving eligibility for those benefits.... However, when an employer claims that an employee was discharged for misconduct[,] the burden of proving misconduct is on the employer....

> In the case at bar, [employer] took the position that [employee] voluntarily left

---

1. *See* § 288.020, RSMo 2000.

his employment, without good cause, not that he was discharged for misconduct. Therefore, [employee] carried the burden to show that he was eligible for benefits.

The Commission did not find that [employee] met his burden of proof. Instead, the Commission found that it could not determine whose testimony was more credible and therefore relied on its perceived duty to rule in [employee's] favor. The Commission's decision is contrary to law. Upon a finding that a claimant failed to meet his burden of proof, the Commission is obligated under the law to deny the claim.

*Id.* at 275–76.

▮ The same is true in this case. Although the commission said that it found Pickering's testimony more persuasive than Hornbuckle's, it acted on its perceived duty to favor Pickering. The commission's decision was not based on evidentiary determinations but on public policy concerning unemployment benefits. It is, therefore, contrary to the law. Pickering had the burden of establishing that she was entitled to unemployment benefits. By not convincing the commission that she was entitled to benefits based on the evidence, Pickering did not meet her burden of proof. The commission, therefore, should have denied her claim.

▮ Moreover, in determining whether the award was against the overwhelming weight of the evidence, we would consider the appeals tribunal's credibility determination that Hornbuckle's testimony was more credible than Pickering.[2] *Davis v.*

*Research Medical Center,* 903 S.W.2d 557, 571 (Mo.App.1995). In considering the appeals tribunal's credibility determination, the commission merely noted that the appeals tribunal gave no reasons or explanations for finding Hornbuckle's testimony more credible. The appeals tribunal, however, was not obligated to explain the reason for its credibility decisions. The appeals tribunal merely had to judge the credibility and make its determination. Because administrative law judges are in a position superior to the commission to make credibility determinations, except in cases submitted on a written record, we said in *Davis* that, when the commission disagrees with the administrative law judge's determination, its articulating the reasons why it differed in its credibility determinations would greatly aid our review. *Id.* The commission, however, offered no such explanation other than to voice its misperceived duty to rule for Pickering in matters of credibility. It erroneously applied the law in concluding that it should resolve all doubt regarding credibility in favor of a claimant receiving benefits.

We reverse the commission's decision and remand the case with instructions that the commission deny Pickering's request for unemployment compensation.[3]

THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge, concur.

---

2. Because the appeals tribunal opted to conduct the hearing by telephone, it did not have the opportunity to see the witnesses, but it did hear the witnesses. Hence, it was in a position decidedly superior to the commission's in making a credibility determination.

3. Because we reach this conclusion, we need not address Hornbuckle Heating and Cooling's other contentions on appeal.